COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Annunziata and Overton
Argued at Norfolk, Virginia


JAMES R. BOYLES
                                      MEMORANDUM OPINION[*] BY
v.        Record No. 2160-96-1        JUDGE NELSON T. OVERTON
                                            MAY 6, 1997
COMMONWEALTH OF VIRGINIA/
 DEPARTMENT OF SOCIAL SERVICES


          FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                    Jerome B. Friedman, Judge

          Glenn R. Tankersley (Regency Legal Clinic, on
          briefs), for appellant.

          Cheryl A. Wilkerson, Assistant Attorney
          General (James S. Gilmore, III, Attorney
          General; William H. Hurd, Deputy Attorney
          General; Siran S. Faulders, Senior Assistant
          Attorney General, on brief), for appellee.


     The Circuit Court of the City of Virginia Beach upheld the

Virginia Department of Social Services' finding of Emotional

Abuse, Level Three, by the appellant, James R. Boyles, against

two of his children.  Boyles appeals, claiming (1) that

substantial evidence did not exist in the record to support the

agency's findings; (2) that the agency committed procedural

errors; (3) that the trial court erred in not applying res

judicata; and (4) that the applicable statute is

unconstitutionally vague.  For the reasons stated, we affirm.

     The parties are fully conversant with the record in the

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not

designated for publication.

cause, and because this memorandum opinion carries no precedential value, no recitation of the facts is necessary.

When a circuit court hears an appeal from an agency, "the scope of review is limited to ascertaining whether there was substantial evidence in the agency record to support the decision." Turner v. Jackson, 14 Va. App. 423, 429-30, 417 S.E.2d 881, 886 (1992); see Code § 9-6.14:17. "The reviewing court may reject the agency's findings of fact only if, considering the record as a whole, a reasonable mind would necessarily come to a different conclusion." Johnston-Willis, Ltd. v. Kenley, 6 Va. App. 231, 242, 369 S.E.2d 1, 7 (1988).

Substantial evidence was present in the record before the circuit court to support the agency's finding of Emotional Abuse, Level Three, for two of Boyles' children. The evidence consisted of statements by the children during two separate interviews, the school counselor, and the professional opinion of the family therapist. These statements chronicled various acts by Boyles, all of which contributed to the emotional abuse inflicted upon his children. The specific behavior and their effect on the children have been well-documented in the local agency's investigation, at the local agency's conference, and at the state agency's hearing. The parties are familiar with the facts, and we need address this issue no further except to restate that our review of the record reveals substantial evidence to support the

findings of the agency.[1]

We decline to express an opinion on whether the agency failed to follow its procedures. Having found that the agency's findings were supported by facts in the record, the trial court should have reversed the agency only if the procedural errors "infected the entire agency proceedings with unfair prejudice." State Bd. of Health v. Godfrey, 223 Va. 423, 436, 290 S.E.2d 875, 882 (1982). An error in the initial collection of facts could have been remedied at later hearings, curing any prejudice to Boyles before a final determination was made by the agency. Because we cannot conclude that a different procedure at any level created an unfair prejudice to Boyles, errors made by the agency, if any, were harmless.

Boyles next argues that the trial court erred in declining to apply the principle of res judicata. His argument lacks any merit. The order cited was by a lower court than the circuit court, the juvenile and domestic relations district court did not rule that no abuse occurred, and that proceeding was on a

---

[1]Boyles also assigns error to the refusal of the trial court to consider evidence from a related suit in chancery. Boyles could have presented this evidence to the agency, but did not. The trial court was limited to reviewing the evidence in the agency record, and therefore correctly excluded any other evidence.

different issue between parties different than the ones in the instant case. The principle of <u>res</u> <u>judicata</u> has no place in this matter.

Finally, Boyles contends that the statute is unconstitutionally vague. Because he raises this issue for the first time on appeal, we will not consider it. <u>See</u> Rule 5A:18.

Accordingly, the decision of the circuit court is affirmed.

<u>Affirmed.</u>